### 7.   HERSCHMAN *v.* STATE BANKING COMPANY.

This case was heard, upon both the law and the evidence, by the trial judge. The evidence was such as to justify the judgment rendered.

Affidavit of illegality, from city court of Baxley—Judge Thomas. February 6, 1906.

Argued January 8,—Decided January 11, 1907.

*W. W. Bennett,* for plaintiff in error.

*W. M. Lewis, M. B. Calhoun,* contra.

POWELL, J.   Plaintiff in error contended that the defendant in error had accepted, through its attorneys, the amount of the judgment less the attorney's fees, in full settlement of the claim; and his testimony was to this effect. The defendant in error contended and introduced proof showing that its attorney had accepted the amount paid, with the understanding that if the banking company would not accept the same as a full settlement, the fi. fa. should still remain unsatisfied as to the attorney's fees, and that the banking company refused to accept the same in full settlement. Thus a direct conflict resulted as to the controlling question in the case; and the judge, who was authorized to decide upon the evidence as well as upon the law, having by his judgment settled this issue in favor of the defendant in error, we have no jurisdiction to interfere with his finding.

However, our attention is called to the fact that the sum paid has never been credited upon the fi. fa., and that the judgment of the court below, which is general, may be construed as authorizing the fi. fa. to proceed for the original amount stated on its face. In light of the mutual admissions made in open court and appearing in the record, we hardly think this apprehension justifiable; but out of caution we direct that the judgment of the court below be so amended as to allow the fi. fa. to proceed only for the amount due after deducting the conceded credit.

*Judgment affirmed, with direction.*